.E. G. AND S. C. GREENE *v.* THOMAS LAVANDER.

*Contract, Entire, Severable. Board by the Week.*
*Deductions for Absence.*

When a contract for board at an agreed price per week is not for a specified time beyond one week, and terminable at the end of any week, the boarder is entitled to a deduction for an absence extending one or more weeks. The contract is not entire except for one week.

BOOK ACCOUNT. Heard on an auditor's report, April Term, 1886. ROYCE, Ch. J., presiding. Judgment for the defendant.

The account of the plaintiffs was allowed by the auditor at $1,657.13, and the defendant's at $1,676.38. The case appears in the opinion.

*Farrington & Post*, for the plaintiffs.

This was not an entire contract; and was not for any specified time. A reasonable deduction should be allowed for the absence of Mrs. Greene. *Wilson* v. *Martin*, 1 Denio, 602; *Spencer* v. *Holstead*, 1 Denio, 606; *Ramey* v. *Holcombe*, 21 Ala. 567; *Booth* v. *Tyson*, 15 Vt. 515; *Phelps* v. *Parish*, 39 Vt. 511–13; *Bragg* v. *Bradford*, 33 Vt. 35; *Swift* v. *Harriman*, 30 Vt. 607; *Bracket* v. *Morse*, 23 Vt. 554.

*Noble & Smith*, for the defendant.

The contract was entire. The plaintiffs could rescind at any time, when Mrs. Greene was absent, but they did not. Greene continued to occupy the rooms, use the fuel, and receive the board. None of these things were contracted for separately. *Griffin* v. *Tyson*, 17 Vt. 35; *Clark* v. *Baker*, 5 Met. 452. Again, the consideration is single. *Y. & C. Manfg. Co.* v. *Wakefield*, 121 Mass. 91; *Winn* v. *Southgate*, 17 Vt. 355; *Davis* v. *Maxwell*, 12 Met. 286; *Baker* v. *Higgins*, 21 N. Y. 297.

The opinion of the court was delivered by

Ross, J. The only question in contention is, whether the plaintiffs are entitled to a deduction from the charges of the defendant, specified in items numbered 19, 31 and 37. These items are for board, rooms, fuel, and lights furnished by the defendant to the plaintiff, E. G. Greene and wife, and agreed to be adjusted in this action. The auditor has found that the board, rooms, fuel and lights for Mr. Greene and wife were furnished under an agreement by E. G. Greene to pay for the same twelve dollars per week. It is not found that the contract was for any specified time beyond one week. The rooms were occupied by Mr. Greene without any other or further agreement, from May 2, 1879, to April 10, 1881. During that time Mrs. Greene was absent forty-three whole weeks. The auditor has found that, unless controlled by the contract as an entire contract, a reasonable price for the board of Mr. Greene for the forty-three weeks, including the use of the rooms, fuel and lights, is nine dollars a week; and he submits to the court to determine whether, on these facts in substance, the defendant shall be allowed twelve, or nine dollars per week for the forty-three weeks. On the facts reported, Mr. Greene could have terminated the contract at the end of the first, or any other week; so could have the defendant. This renders the contract an entire weekly contract only, or a contract from week to week. It was a contract for the board of both Mr.

Greene and his wife. Being a contract for a week, and terminable at the end of any week, absences during the week, once entered upon under the contract, gave the plaintiffs no right to a deduction from the contract price. But the contract did not include the board of Mr. Greene alone. It was an entire weekly contract only for the board, rooms, fuel and lights furnished to Mr. Greene and his wife. The board for himself alone, with the use of the rooms, fuel and lights, was not covered by the contract, or any contract. The defendant, therefore, was entitled to recover a reasonable compensation for his board alone thus furnished. The auditor has found nine dollars per week to be such reasonable compensation.

The judgment of the County Court is reversed, and judgment rendered on the report for the plaintiffs to recover $136, with interest and costs.